IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DALE LEE LENOIR,

    Petitioner,

v.                                       CASE NO. 4:12-cv-158-MW-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case in 2012 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his forfeiture of gain time. (Doc. 1.) Respondent filed an answer arguing that the petition should be dismissed because Petitioner only raises a state law claim. (Doc. 7.) Petitioner filed a reply. (Doc. 9.) After the case was fully briefed, Petitioner was released from the custody of the Department of Corrections on March 1, 2013. Petitioner does not challenge his underlying 1992 conviction. Rather, he challenges the forfeiture of gain time he received in connection with various disciplinary actions. For relief, he seeks the restoration of his gain time. (Doc. 1, p. 17.) Because Petitioner was released from prison upon the expiration of his sentence, the instant habeas petition is due to be denied as moot.

As an initial matter, the undersigned takes judicial notice of another habeas petition flied by Petitioner just days before he filed the instant petition. In that case, *Lenoir v. Crews*, Case. No. 4:12-cv-157-RH-CAS, 2013 WL 3811187 (N.D. Fla. July 20,

2013), Petitioner challenged the loss of gain time. Upon Petitioner's release from prison on March 1, 2013, Respondent filed a motion to dismiss the petition as moot. The District Judge adopted the Magistrate Judge's Report and Recommendation on July 20, 2013, finding the case moot and rejecting Petitioner's arguments that the petition was not made moot by his release.

For the same reasons, the instant petition is due to be dismissed. Because Petitioner is no longer in custody, he has achieved all the relief which he requested and to which he would have been entitled had this Court granted his Petition. This action is therefore moot unless there are collateral legal consequences that arise from Petitioner's conviction. *Minor v. Dugger*, 864 F.2d 124, 125 (11th Cir. 1989)(citations omitted). The Eleventh Circuit, as well as this Court, has held that a state prisoner's § 2254 petition is properly dismissed as moot where the prisoner is no longer in custody and is attacking only the length of his confinement. *Hernandez v. Wainwright,* 796 F. 2d 389, 390 (11th Cir. 1986) ("It is the existence of the underlying conviction, however, rather than the length of confinement, which creates the necessity to consider collateral legal consequences"); *Schmidt v. McNeil*, No. 5:07-cv-281-RS-MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010) (recommendation, adopted by District Judge, that § 2254 proceeding challenging loss of gain time be dismissed as moot where petitioner had been released from prison); *Bango v. McDonough*, No. 3:05-cv-466-RV-EMT, 2006 WL 3483512 (N.D. Fla. Nov. 29, 2006) (same); *Doss v. Crosby*, 357 F. Supp. 2d 1334, 1335-36 (N.D. Fla. 2005) (even if prisoner could show gain time was wrongfully forfeited, the Court could not grant relief).

Furthermore, as was made clear in the recent denial of one of Petitioner's other

habeas petitions, his argument that the petition should not be dismissed because he wants to bring a § 1983 action does not defeat mootness. *Lenoir,* 2013 WL 281117, at * 3 (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Doss,* 357 F. Supp. 2d at 1334 ("the conclusion that this petition is moot is correct regardless of whether petitioner's release removes the bar to any civil cause of action he might have, under 42 U.S.C. § 1983 or otherwise, for challenging the revocation of gain time.")).

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED AS MOOT**.

2. A certificate of appealability should be **DENIED.**[1]

**IN CHAMBERS** this 20th day of December 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Petitioner's address of record is listed at Suwannee C.I., and the docket does not reflect that Petitioner ever notified the Court of his new address upon his release. The **Clerk** is directed to send a copy of this Report and Recommendation to Petitioner at his address of record and to the address indicated on the FDOC website: 4960 N.W. 179th St., Miami, FL 33055.